JOSEPHINE MULRAIN, Plaintiff

v.

GEORGE DAVID LLOYD MULRAIN, Defendant

Civil No. 78-122

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 23, 1979

LEGAL SERVICES OF THE VIRGIN ISLANDS (ALLAN M. TOW, ESQ., of counsel), St. Thomas, V.I., *for appellee*

IVE A. SWAN, Attorney General of the Virgin Islands, ROBERT LEE KING, Deputy Asst. Attorney General, St. Thomas, V.I., *for appellant*

CHRISTIAN, *Chief Judge*

## OPINION

The issues presented in this appeal from the Territorial Court of the Virgin Islands is whether a divorce plaintiff who has been granted leave to proceed in forma pauperis, and who is unable to meet the cost of substituted service, i.e., publication of summons in a newspaper, is entitled to have such cost borne on her behalf by the Government of the Virgin Islands.

Because of the obvious possible involvement of public funds, the Office of the Attorney General of the Virgin Islands was brought into the litigation. The trial judge, after having heard and weighed the pros and cons as advanced by plaintiff and the Government, reached a conclusion favorable to the indigent plaintiff and ordered the Government to stand plaintiff's publication cost. Upon the judge's denial of the Government's motion for reconsideration, this appeal followed.

Plaintiff, as well as the Government, readily accepts the Court's finding and conclusion that § 112, Title 5 of the V.I. Code which provides for substituted service by publication of summons ". . . in a newspaper designated by the Court as the most likely to give notice to the person to be served for . . . not less than once a week for four weeks", effectively and unconstitutionally deprives this plaintiff of access to the divorce forum. Boddie v. Connecticut, 401 U.S. 371 (1971), unquestionably forecloses any contention or holding to the contrary. The disagreement arises from that portion of the trial court's order which fastens upon the Government the obligation of paying the cost of publication for this plaintiff and other plaintiffs similarly situated.

An observation of the Court in Boddie, supra is here highly pertinent.

(W)e think that reliable alternatives exist to service of process by a state paid sheriff if the State is unwilling to assume the cost of official service. This is perforce true of service by publication which is the method least calculated to bring to a potential defendant's attention the pendency of judicial proceedings. See Mullane v. Central Hanover Trust Co., supra. We think in this case service at defendant's last known address by mail and posted notice is equally effective as publication in a newspaper.

Both sides advance the argument that there is a viable alternative to publication, posting. Plaintiff urges that it is within the inherent power of the Court to so direct whereas the Government cites the Court to asserted statutory authorization set out in Title 4 V.I.C. § 243(8). As here pertinent that title and section reads,

Every court shall have power:

To amend and control its process and orders so as to make them conformable to law and justice.

While this Court does not fault the trial court's general determination that the Government may be compelled to bear publication cost in a given case, we are of the opinion that the matter of viable and constitutionally permissible alternative was not sufficiently explored. Nor do we feel that needful consideration was accorded the serious fiscal questions which would be inevitably raised by an order directing the Government to pay costs of publication. It is our opinion that a case by case approach would best serve all interests involved. As the above quotation from Boddie suggests, it would be, in the circumstances of this case, perhaps sheer hypocrisy to maintain that publication of summons weekly for four consecutive weeks in any of the newspapers in the Virgin Islands is a means calculated to bring to Mr. Mulrain's (the defendant) attention, the fact that he is being sued by his wife for a divorce. These parties were married in 1963. It was in 1967 that plaintiff last saw, or heard from, defendant. He

left no forwarding address then, and his whereabouts remain unknown to this day. Whether he has relatives in the Virgin Islands who would bring to his attention publication of summons, is an open question. In the first place, such relatives, if in the Virgin Islands and alive, may never see the published summons. The actuality must be kept in mind that these advertisements are not published in bold headlines on page one, but are rather relegated to an inconspicuous section in the inner pages of the paper, and in print of a size admirable for conserving space but woefully deficient in eye catching qualities. It would seem that proper exploration of the matter would reveal that appropriately posting of the summons in designated public places for a period of time, if necessary longer than four weeks, would equally comport with this defendant's due process rights.

The other problem adverted to is strictly a practical one, but of no mean dimension. The Revised Organic Act of the Virgin Islands at Section 3 commands that

no money shall be paid out of the Virgin Islands treasury except in accordance with an Act of Congress or upon a bill of the legislature (of the Virgin Islands) and on warrant drawn by the proper officer.

Laying to one side the Government's obvious reluctance to assume the costs as ordered, one can well imagine the consternation of a fiscal officer asked to make the disbursement, assuming he lawfully could. It might well be that an appropriation measure by the Legislature would be necessary before effect could be given to the trial court's order. The journey through the governmental labyrinth could take months, maybe more than a year. This septuagenarian plaintiff who has been before the Court seeking dissolution of her marital relationship since April 28, 1977, should not be visited with the certain additional delay involved in either the executive's bureaucratic red tape or

the sometime snail's pace of the Legislature. She has suffered enough at the hands of "The Third Branch." Justice for her has been too long delayed, and thus essentially denied. She is deserving of better.[1]

The foregoing issues were not presented to the Court. Had they been, the Court might have been led to consider posting of the summons as a constitutionally permissible alternative.

Substituted service by posting in a matrimonial action is not exactly unheard of in this district. Brown v. Brown docketed in this court, division of St. Thomas and St. John at Civil No. 25-1972 is an instance of such service. In Brown, plaintiff, an alien, sought leave to proceed in forma pauperis in an action brought against her husband on January 15, 1972. Defendant-husband, incidentally, had been last seen by plaintiff in 1964. Holding that to the extent Title 4 V.I.C. Section 513(a) limited the Court in granting leave to proceed in forma pauperis to citizens only, the said statute was null and void, the Court granted leave to the alien plaintiff to so proceed. Subsequently, the plaintiff repaired before the Court with the same plaint of the plaintiff in this case, that because of her inpecunious condition she was unable to meet the ever spiralling cost of publication in our local newspapers. By order of May 3, 1972, this Court directed that service be accomplished by having the summons posted in an appropriate place for four consecutive weeks and by depositing a copy of said summons and complaint in the post office addressed to the defendant at his last known address. On that basis the plaintiff in Brown secured the relief she sought.

[1] The irony of this plaintiff's plight is that while we debate the process due defendant, with scant attention to her due, the law so lightly esteems defendant that plaintiff, had she been so minded, might have on April 28, 1977, the day she filed suit, celebrated a second marriage, without regard to defendant's existence or whereabouts and would not have run afoul the law's prohibition against bigamy. See 14 V.I.C. Section 362(1).

The interest of justice dictates that this cause be remanded to the Territorial Court for consideration of the factual base on which an alternative other than publication may be founded. This Court is of the opinion that Section 243(8) of Title 4 provides sufficient statutory undergirding. Perhaps upon reexamination and exploration of the alternatives available, the court will find that as regards publication versus posting, the cloth is as "broad as it is wide." Any difficulty plaintiff might face in sending a copy of summons and complaint to defendant at his last known address as a complement to posting of summons would still confront her if she published because the depositing of copy of summons and complaint in the mail is likewise required to go hand in hand with that method of service. The trial court might conclude, as did the High Court in Mullane v. Central Hanover Trust Co., 339 U.S. 306, 317 (1950), and as does this court, that either approach, publication or posting, is but "a mere gesture."