**WILMA FARRINGTON, Plaintiff**

v.

**VINCENT BENJAMIN and ARTHUR BRIDGEWATER, Defendants**

Civil No. 187-1981

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 6, 1984

ANDREW CAPDEVILLE, ESQ. (GRUNERT, STOUT, & SMOCK), St. Thomas, V.I., *for plaintiff*

BARNARD C. PATTIE, ESQ. (PATTIE & DALEY), Christiansted, St. Croix, V.I., *for defendant Vincent Benjamin*

PATRICIA D. STEELE, ESQ. (Law Offices of R. ERIC MOORE, ESQ.), Christiansted, St. Croix, V.I., *for defendant Arthur Bridgewater*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

This is an action for damages arising out of an automobile accident of October 13, 1979. By complaint filed May 14, 1981, plaintiff Wilma Farrington commenced this action against Arthur Bridgewater, owner and driver of the vehicle in which plaintiff was a passenger, and Vincent Benjamin, owner and driver of the second vehicle involved in the accident. This matter is before the Court on (1) motion of plaintiff's estate for an order substituting as plaintiff the Estate of Wilma Farrington, and (2) motions by each defendant for dismissal of this action for failure of plaintiff's estate to move for substitution within the time prescribed by Fed. R. Civ. P. 25(a)(1).[1]

---

[1] Rule 25(a)(1) provides, in pertinent part:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death . . . the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1).

■ The common law rule that death terminated all causes of action for personal tort has been statutorily altered in the Virgin Islands: a cause of action for personal injury "shall not abate by reason of . . . the death of the injured person." 5 V.I.C. § 77 (1967). Plaintiff's death, then, does not extinguish her claim and substitution is available. Fed. R. Civ. P. 25(a)(1).

However, the motion for substitution submitted herein was not filed within the 90-day period prescribed by Rule 25(a)(1). Death was properly suggested on the record by defendants Benjamin and Bridgewater on March 18, 1983 and March 22, 1983, respectively. Not until July 26, 1983 did movant request substitution. Under Rule 25(a)(1), "unless the motion for substitution is made not later than 90 days after death is suggested on the record . . . the action *shall* be dismissed as to the deceased party." Fed. R. Civ. P. 25(a)(1) (emphasis added).

While we are loath to visit the sins of counsel upon the client, we are constrained by the plain language of Rule 25(a)(1) to deny the motion for substitution and dismiss the action. Harsh as this result may be, it is unavoidable in light of counsel's inaction.

The 1963 amendment of Rule 25(a)(1) was designed to eliminate the "hardships and inequities" of the unyielding requirement of the former rule that an action was to be dismissed as to a deceased party if substitution was not effected within a fixed period measured from the time of death. Fed. R. Civ. P. 25(a)(1) advisory committee note to 1963 amendment. Still, under the amended rule a motion for substitution "may not be made later than 90 days after the service of the [suggestion of death] unless the period is extended pursuant to Rule 6(b)." Id.[2]

■ Under Rule 6(b), a court may, for cause shown, order enlargement of a period within which an act is required to be performed if request therefor is made before the expiration of the period originally prescribed. Fed. R. Civ. P. 6(b)(1). Here, no request for enlargement of time was made prior to expiration of the 90-day period prescribed by Rule 25(a)(1).

■ Rule 6(b)(2) grants courts discretion to permit an act to be done after expiration of the originally prescribed period only upon motion of the party desiring to act and only upon a showing that

[2] Prior to 1963, Rule 25 was listed as one of the rules under which the time for taking action could not be enlarged. In 1963, Rule 6(b), governing enlargement of time periods, was amended to remove Rule 25 from the list of exceptions to the generally applicable enlargement provisions.

failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(2). While the estate of the deceased plaintiff has moved for substitution pursuant to Rule 25(a)(1), it has made no showing that its failure to move for substitution within the time limited by the rule was the result of excusable neglect, and indeed, has made no motion for enlargement of time whatsoever.

■ While it is clear that the 1963 amendments were designed to liberalize substitution after death, it is equally clear that Rules 6(b) and 25(a)(1) do not invite courts to enlarge arbitrarily the period within which motions for substitution will be considered. Despite ample opportunity, counsel for plaintiff has failed to offer any explanation for the tardiness of his motion for substitution. A fortiori, he has not demonstrated the "excusable neglect" prerequisite to enlargement of time under Rule 6(b)(2)[3] See, e.g., Beaufort Concrete Co. v. Atlantic States Construction Co., 352 F.2d 460 (5th Cir. 1965), cert. denied, 384 U.S. 1004 (1966). To rule otherwise would be to render the 90-day requirement of Rule 25(a)(1) a nullity. This is beyond our discretion.

[3] Had counsel offered an explanation of his failure to comply with the requirements of Rule 25(a)(1) amounting to excusable neglect, this Court, in its discretion, might have construed the instant motion for substitution as implying a motion for enlargement of time under Rule 6(b)(2). Absent *any* explanation, we are not at liberty to do so.