**LUIS ALBERTO FELIX, Plaintiff**

v.

**FRED W. SLADEN, Defendant**

Civil No. 1988-357

District Court of the Virgin Islands

Div. of St. Croix

March 6, 1990

JEFFREY B. C. MOORHEAD, ESQ. (LAW OFFICES OF HODGE & SHEEN), St. Croix, V.I., *for plaintiff*

RICHARD H. HUNTER, ESQ., St. Croix, V.I., *for defendant*

BROTMAN, *District Judge*

## MEMORANDUM AND ORDER

THIS MATTER is before the court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 25(a)(1), and plaintiff's subsequent Opposition to Defendant's Motion to Dismiss and Motion for Extension of Time to Submit Motion or [sic] Substitution. Plaintiff's counsel claims that his failure to submit a motion for substitution of parties is the result of "excessable [sic] neglect." For the reasons

that follow, the court will deny defendant's motion and allow plaintiff an additional ten (10) days to file a motion for substitution of parties.

On October 4, 1989, defendant filed a Suggestion of Death, pointing out that plaintiff, Luis Alberto Felix died on September 8, 1989. Plaintiff's counsel did not file a substitution of parties within ninety (90) days of the above-referenced Suggestion, as required by Fed. R. Civ. P. 25(a)(1). Consequently, on January 17, 1990, defendant filed his motion to dismiss. Plaintiff did not file a response until February 8, 1990, well past the normal five day response time permitted by V.I. Code Ann. tit. 5, App. V R. 6(f). Plaintiff opposes the motion to dismiss and has requested an extension of time to file a substitution of parties. Plaintiff's counsel, however, has given no indication how much additional time is required to file a substitution of parties. While plaintiff's counsel will be allowed additional time to file a motion for substitution of parties, the court wishes to point out that it expects strict compliance with the time limits applicable to matters in this action.

█ Rule 25(a)(1) sets out the procedure to follow for the substitution of parties in the case of death, and provides in part:

> Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Id. This 90 day limit is not absolute, however. Fed. R. Civ. P. 6(b)(2) was amended in 1963 granting a court discretion to enlarge the time to file a motion to substitute parties. See Fed. R. Civ. P. 6 advisory committee's note.

█ "The factors to be considered by the Court before allowing a substitution of parties after the expiration of the time period, include any prejudice to the other party, good faith, and excusable neglect." Tatterson v. Koppers, 104 F.R.D. 19, 20 (W.D. Pa. 1984) (citations omitted). Defendant has made no claim of prejudice to him, nor has he alleged a lack of good faith by plaintiff. Plaintiff's counsel claims that his failure to comply with the 90 day limit was because of the disruption caused by Hurricane Hugo, that it would have been unprofessional and improper at that time to approach plaintiff's family following the hurricane and plaintiff's death, and that "[t]here has [sic] also been delays" in appointing an executor of plaintiff's estate

because most of plaintiff's relatives live off-island. Although defendant argues that Farrington v. Benjamin, 100 F.R.D. 474, 20 V.I. 470 (D.V.I. 1984) warrants dismissal of this action, defendant's reliance on Farrington is misplaced, because in Farrington, plaintiff failed to offer any explanation for not complying with the 90-day deadline. In the case at bar, however, plaintiff's counsel has offered an explanation, and there was no showing of prejudice to the defendant, or a lack of good faith on plaintiff's part. The court is satisfied that plaintiff's counsel has demonstrated excusable neglect. Plaintiff shall have an additional ten (10) days to file a motion for substitution of parties.

The premises considered, now therefore it is

ORDERED:

THAT defendant's motion to dismiss is DENIED; and

THAT plaintiff shall file its substitution of parties within ten (10) days of this order.