**TOURISM INDUSTRIES, INC. dba Budget Rent–A–Car, Plaintiff,**

v.

**PROFESSIONAL UNDERWRITERS INS. CO., Central National Ins. Co. or Puerto Rico, Formal Ins. Co. and Nelson Silverio, Defendants.**

Civ. No. 1991–1.

District Court, Virgin Islands, Saint Croix.

Feb. 27, 1992.

Lee J. Rohn, Christiansted, St. Croix, VI, for plaintiff.

No appearance for defendants.

## ORDER

RESNICK, United States Magistrate Judge.

THIS MATTER is before the court on Plaintiff's motion to serve defendants by publication and beyond the 120 day time period afforded by Fed.R.Civ.Pro. 4(j).

Plaintiff filed this complaint on January 2, 1991 alleging breach of contract, breach of fiduciary duties, detrimental reliance and negligence against plaintiff's insurer, Professional Underwriters Insurance Company; Central National Insurance Co., its successor in interest; Formal Insurance Co., a brokerage company; and Nelson Silverio, its agent, for failing to honor an insurance claim. Service of process was not completed.

On February 18, 1992, U.S. the United States Magistrate Judge dismissed this matter for lack of prosecution. Two days later, plaintiff filed a Motion to Reconsider the order. In the motion, plaintiff states that after filing the complaint, plaintiff's attorney was informed that Central National was in liquidation and that an answer to the complaint would be forthcoming upon the appointment of an attorney and trustee, sometime in 1992. Based on that information, plaintiff claims to have "delayed incurring the expense of serving the remaining defendants by publication." Plaintiff now requests leave of the court to serve the defendants by publication, one year after filing the complaint.

Fed.R.Civ.P. 4(j) requires a plaintiff to serve a defendant with a copy of the summons and complaint within 120 days of the filing of the complaint. The rule further states that if service is not completed within that time and plaintiff cannot show good cause why such service was not made, the action must be dismissed without prejudice. The Third Circuit has interpreted Rule 4(j) strictly and has construed the word "shall" as making dismissal mandatory. *Ocasio v. City of Philadelphia*, No. 88–8409, 1989 WL 126287 (E.D.Pa.1989) (LEXIS, Genfed library, Courts file); *Hilmon Co. (V.I) Inc. v. Hyatt International*, 899 F.2d 250 (3d Cir. 1990).

■ The Third Circuit also places the burden of proving "good cause" on the party responsible for effecting service. "Good cause" focuses on the plaintiff's diligence in *attempting* service on the defendant. *Dominic v. Hess Oil*, 841 F.2d 513 (3d Cir.1988) (emphasis added). In determining whether there was "good cause" for the delay, the

court is required to consider plaintiff's reasonable efforts to *effect* service. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, (3d Cir. 1987) (emphasis added).

■ In this case, plaintiff has failed to meet its burden of showing "good cause" why service was not completed within the prescribed period. Plaintiff asserts that it attempted timely service on one of the defendants (who was in liquidation) within days of filing the complaint, but relied on the representation of the liquidator that an answer would not be forthcoming until counsel or a trustee was appointed some time in the future. However, plaintiff did not move for an extension of time or for leave to otherwise effectuate service on any of the defendants. Indeed, plaintiff did nothing until the case was dismissed by the Magistrate for lack of prosecution, one year after it was docketed. In *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 879–80 (3rd Cir.1987), the court held that if a defendant fails to return an acknowledgment of service within twenty days, personal service should then be attempted. Also, in *MacCauley v. Wahlig*, 130 F.R.D. 302 (D.C.Del.1990), the court held that plaintiff's reliance on the opposing counsel's statement that the defendants would answer and waive jurisdiction, was unreasonable. Plaintiff had attempted service on the defendants by mail. The defendants did not return the acknowledgement, thus, service was never perfected. The court reasoned that plaintiff's reliance on the telephone message and her resulting failure to personally serve the defendants demonstrated "a complete lack of diligence and an absolute lack of good faith effort towards compliance with the rule." *Id.* at 309.

Under the reasoning of *Green* and *MacCauley*, this court finds that plaintiff in this case failed to carry its burden of showing good cause why the defendants in this case have never been served with process. Plaintiff's reliance on the information that an answer would be filed is inadequate, because *the filing of an answer does not cure defective service.* In addition, plaintiff's failure to attempt alternate means of service when the acknowledgment was not returned by the defendants, and its failure to seek an exten-

sion of time mandates dismissal of this complaint. Accordingly, plaintiff's motion will be denied, without prejudice.

For the reasons stated above, it is hereby

ORDERED that plaintiff's motion to serve the defendants by publication and outside the 120 day time period is DENIED WITHOUT PREJUDICE.