**IRENE FREDERICKS, REUBEN TURNER, BARBARA TURNER, for herself and as best friend and next of kin of NICOLE JAMES, SHYLA GREENIDGE and SHENIQUA GREENIDGE, Plaintiffs**

**v.**

**TOURISM INDUSTRIES, INC., d/b/a BUDGET RENT-A-CAR and JAMES MICHAEL HENDERSON, Defendants**

Civ. No. 818/93

Territorial Court of the Virgin Islands

Div. of St. Croix

June 28, 1995

MICHAEL A. JOSEPH, ESQ., *for Plaintiffs*

LEE J. ROHN, ESQ., *for Defendants*

STEELE, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on plaintiffs' **Motion for Reconsideration** of an order dismissing plaintiffs' action against defendant James Henderson because of untimely service of process on defendant Henderson. For the reasons stated herein, plaintiffs' motion will be **DENIED**.

## FACTS

Plaintiffs filed this complaint[1] alleging that on or about May 2, 1992, defendant James Michael Henderson[2] (hereinafter "Henderson") operated a vehicle[3] that negligently collided with a vehicle operated by plaintiff Barbara Turner (hereinafter "Turner"). On November 22, 1993, plaintiffs moved for substituted service by publication on Henderson on the basis that Henderson had been absent from the Virgin Islands for more than six (6) consecutive weeks. An undated affirmance by plaintiffs' counsel indicates that his investigation revealed that Henderson is a resident of Colorado.

Budget opposed plaintiffs' motion for service by publication because plaintiffs did not establish that any attempt was made to ascertain Henderson's address and to serve him personally where he resides. Budget also opposed the motion to publish because it did not state where plaintiffs intended to publish the summons. Plaintiffs responded to Budget's opposition by stating that they supported their motion by noting that Henderson is a resident of Colorado with no known address and that he cannot be found in the Virgin Islands for more than six (6) weeks. Plaintiffs also supplemented their original motion to publish and indicated that they intended to publish the summons in *The St. Croix Avis*.

Judge Brady issued an order dated December 21, 1993 that denied plaintiffs' motion for substituted service by publication on

---

[1] Plaintiffs filed their complaint on October 13, 1993.

[2] Paragraph five (5) of plaintiffs' complaint indicates that defendant Henderson is an adult resident of Colorado who was visiting St. Croix.

[3] Plaintiffs further allege that defendant Tourism Industries, Inc., d/b/a Budget Rent-A-Car (hereinafter "Budget") owned the vehicle that defendant Henderson operated and had rented the vehicle to Henderson.

Henderson. The December 21, 1993 order indicated that plaintiffs failed to establish that they exercised due diligence in attempting to personally serve Henderson. Additionally, the motion for service by publication was denied because publication of the summons in *The St. Croix Avis* was not reasonably calculated to give notice to Henderson. The Court found that publication in the *Avis* was not likely to give notice to Henderson since plaintiffs indicated that Henderson resided in Colorado and was a visitor to St. Croix at the time of the accident.

On April 20, 1994, plaintiffs filed a second motion for substituted service by publication on Henderson in *The St. Croix Avis*.[4] Plaintiffs stated in support of their second motion for service by publication that on March 21, 1994, they sent a Notice and Acknowledgment of Service by Mail and Acknowledgment of Receipt of Summons and Complaint, postage prepaid, return receipt requested, to Henderson.[5] Plaintiffs further alleged that delivery was attempted on April 4th and April 10th, however, Henderson did not claim the certified mail and it was returned to plaintiffs as unclaimed.

On December 9, 1994, Henderson was personally served with the summons and complaint by a private process server at 1062 Main Street[6], Grand Junction, Colorado. Plaintiffs' service on Henderson occurred four hundred and twenty-one (421) days after the complaint was filed and three hundred and one (301) days after the time to accomplish service had expired. Despite the expiration of the one hundred and twenty (120) days provided by the rules to accomplish service, plaintiffs never moved for an enlargement of time to accomplish service.

---

[4] Plaintiffs moved for a second time to publish the summons in *The St. Croix Avis* despite an earlier admonition by the Court that publication in the *Avis* was not likely to give notice to Henderson. *See* December 21, 1993 order.

[5] The address on the certified mail envelope is as follows:

James Michael Henderson
391 Valley View Way
Grand Junction, Colorado 81503

[6] Henderson was served at his place of employment.

Henderson moved to dismiss[7] plaintiffs' action against him because he was not served with the summons and complaint within the period of time established by Rule 4(m)[8] of the Federal Rules of Civil Procedure to effect service of process. Plaintiffs opposed Henderson's motion to dismiss and this Court dismissed plaintiffs' action against Henderson on February 13, 1995 because of untimely service of process on Henderson. The Clerk of the Territorial Court entered this Court's order on February 14, 1995 and plaintiffs filed the instant motion to reconsider on March 8, 1995.

## A. Plaintiffs' Motion to Reconsider is Untimely

■ A motion to reconsider is a motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *Lovelace v. ACME Markets, Inc.*, 820 F.2d 81, 83 n.2 (3d Cir. 1987); *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985)(a motion labeled only as a motion for reconsideration is regarded as the functional equivalent of a Rule 59 motion). Rule 59(e) of the Fed. R. Civ. P. provides that "A motion to alter or amend the judgment shall be *served not later than 10 days after entry of the judgment*" (emphasis added). The Clerk of the Territorial Court entered this Court's order dismissing plaintiffs' action against Henderson on February 14, 1995. Therefore, plaintiffs should have served the instant motion to reconsider on or before February 24, 1995. However, plaintiffs did not serve this motion to reconsider until March 7, 1995,[9] twenty-one (21) days after the Clerk of the Court entered this Court's order dismissing plaintiffs' action against Henderson

[7] Henderson is represented by Attorney Lee Rohn, who is also counsel to Budget in the instant matter.

[8] Previously, Rule 4(j) set forth the time period for effecting service of process. However, Rule 4(j) was amended and redesignated as Rule 4(m) as of December 1, 1993. Rule 4(j) required a court to dismiss a case if service of process was not effected within 120 days, unless the plaintiff showed good cause for the delay. *Petrucelli v. Bohringer*, 46 F.3d 1298, 1304 (3d Cir. 1995). However, Rule 4(m) requires a court to extend time if good cause is shown and allows a court discretion to dismiss or extend time absent a showing of good cause. *Id.* at 1305.

[9] Plaintiffs' certificate of service on the motion to reconsider indicates that the motion was served on March 7, 1995. Therefore, the Court adopts March 7, 1995 as the date when the motion was served although it was not filed with the Clerk of the Court until March 8, 1995.

and eleven (11) days after the deadline for serving the instant motion to reconsider.

The Third Circuit concluded that the ten day limit for filing a Rule 59 motion is jurisdictional and the time period cannot be extended in the discretion of a court. *Smith v. Evans*, 853 F.2d 155, 157 (3d Cir. 1988)(citations omitted). A court is not permitted to extend or waive the ten day limit for serving a motion to reconsider. *Id.* Plaintiffs did not serve the instant motion to reconsider within ten days after the Clerk of the Court entered this Court's order dismissing plaintiffs' claim against Henderson and this Court cannot extend the ten day period for serving a motion to reconsider. Accordingly, this Court cannot decide the merits of plaintiffs' motion to reconsider because it is untimely.

## B. Diligence of Counsel

■ ■ Although this Court will not address the merits of plaintiffs' motion for reconsideration, this Court will discuss the appropriate level of diligence that counsel should exercise in attempting to effect service of process. Counsel must be ever diligent in attempting to effect service of process within the 120 days provided for in Rule 4(m) of the Federal Rules of Civil Procedure. The rule establishing a time limit for service of the summons and complaint creates a rebuttable presumption that service can be made and will be made within 120 days after filing of the complaint. 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1138 (2d ed. 1987 & Supp. 1995). Counsel would be well-advised to heed the warning of one commentator when he cautioned that a plaintiff's lawyer is not to take any chances and to treat the 120 days with the respect reserved for a time bomb. *See Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987)(quoting Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions*, 96 F.R.D. 88, 109 (1983)). Half-hearted efforts by counsel to effect service of process prior to the deadline do not excuse a delay. *Lovelace*, 820 F.2d at 84; *Braxton*, 817 F.2d at 241.

The following examples are illustrative of the factors this Court considers in determining whether counsel was diligent in attempting to effect service and they are not meant to provide an exhaustive list of the options available to counsel. Plaintiffs filed

27

this complaint on October 13, 1993 and at the time of filing of this complaint, plaintiffs knew that Henderson resided in Colorado and they so indicated in their complaint. On November 22, 1993, plaintiffs moved for substituted service by publication. Plaintiffs motion for substituted service did not state what efforts plaintiffs had made to ascertain Henderson's address and to serve him personally. For example, plaintiffs could have employed the services of a private investigator or they could have utilized the services of a legal database such as the finder service on Lexis to locate Henderson. Additionally, since Henderson rented a vehicle from Budget and rental car agencies generally require a renter to provide their permanent address in the normal course of business, plaintiffs could have immediately requested Henderson's permanent address from Budget.[10]

Personal service on a defendant is preferred over service by publication because service by publication is the least calculated method to bring to a potential defendant's attention the pendency of judicial proceedings. *See Mulrain v. Mulrain*, 15 V.I. 149, 151 (D.V.I. App. 1979)(citations omitted). Therefore, counsel must exercise due diligence in attempting to serve a defendant personally before moving for substituted service by publication, because service by publication should be a last resort after other methods at actual service have failed. Although Henderson resided in Colorado, plaintiffs' complaint brought Henderson within the jurisdiction of the Virgin Islands' Long-Arm Statute because plaintiffs allege that Henderson caused tortious injury in this territory. *See* 5 V.I.C. § 4903(a)(4). Title 5 V.I.C. § 4904 provides that "When the exercise of personal jurisdiction is authorized by this chapter, service may be made outside this territory." Title 5 V.I.C. § 4911 provides several methods to give actual notice to a defendant outside of this territory.[11] Therefore, plaintiffs could have personally served Henderson in Colorado by one of the methods provided in section 4911.

---

[10] Plaintiffs eventually requested and received Henderson's address from Budget. However, plaintiffs did not request this information from Budget immediately after serving Budget with the complaint. Greater diligence by plaintiffs' counsel in ascertaining Henderson's address may have resulted in Henderson being served with process faster than the 421 days it took plaintiffs' counsel to effect service.

[11] Title 5 V.I.C. § 4911 provides in pertinent part that:

Plaintiffs' first and second motion for substituted service by publication sought to publish the summons to Henderson in *The St. Croix Avis*. Judge Brady denied plaintiffs' first motion for substituted service because publication in the *Avis* was not reasonably calculated to give notice to Henderson. Title 5 V.I.C. § 112 provides in pertinent part that "The order shall direct the publication to be made in a newspaper of general circulation *in a jurisdiction designated by the court as the most likely to give notice* to the person to be served" (emphasis added). According to plaintiffs' complaint, Henderson resided in Colorado and was visiting St. Croix at the time of the accident. Plaintiffs did not allege that Henderson had any other contact with the Virgin Islands after he departed at the end of his vacation in May of 1992. Additionally, plaintiffs gave no indication as to whether Henderson has any friends or relatives residing in the Virgin Islands who might see the summons in the *Avis* and inform Henderson of the pending action. Therefore, publication of Henderson's summons in the *Avis* was not likely to give notice to Henderson and if plaintiffs could not serve Henderson personally after exercising due diligence, they should have attempted service by publication in a newspaper of general circulation where Henderson resides. Plaintiffs' counsel presently puts forth the incredulous argument that after Judge Brady denied the first motion to publish on November 22, 1993, he did not seek to publish the summons in a newspaper in Grand Junction, Colorado because he did not know of a newspaper in Grand Junction, Colorado. Although plaintiffs' counsel may not have known of a newspaper in Grand Junction, Colorado, he certainly could have made the effort to find the name of a newspaper of general circulation in Grand Junction, Colorado.

---

(a) When the law of this territory authorizes service outside this territory, the service, when reasonably calculated to give actual notice, may be made:

(1) by personal delivery in the manner prescribed for service within this territory;

(2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction;

(3) by any form of mail addressed to the person to be served and requiring a signed receipt;

(4) as directed by the foreign authority in response to a letter rogatory; or

(5) as directed by the court.

29

■ Although the 120 days to effect service of process expired on February 10, 1994, plaintiffs never moved for an enlargement of time to effect service as provided in Rule 6(b) of the Federal Rules of Civil Procedure. After receiving Henderson's home and employment address from Budget through discovery, plaintiffs attempted to serve Henderson by certified mail. Two notices were sent to Henderson and after the certified mail letter was not collected, it was returned to plaintiffs as unclaimed. There was no indication that the certified mail was refused, or that it was undeliverable, or that Henderson had moved and there was no forwarding address. Therefore, plaintiffs could have made a second attempt at service by certified mail.[12] Plaintiffs also had Henderson's employment address and they could have attempted to serve him by mail at that.[13] Plaintiffs finally served Henderson on December 9, 1994, some 421 days after the complaint was filed and 301 days after the time limit to effect service had expired. Plaintiffs' counsel did not state what attempts he made to serve Henderson during the approximately eight months period of time after the certified mail was returned in April of 1994 and when service was effected in December of 1994. Accordingly, plaintiffs' counsel cannot be said to have exercised due diligence in attempting to serve Henderson.

## CONCLUSION

Plaintiffs' motion to reconsider this Court's dismissal of plaintiffs' action against Henderson will be denied because plaintiffs did not serve the motion within ten days after entry of the order. However, counsel must be ever diligent in attempting to effect service of process within 120 days after filing of a complaint. Rule 4(m) of the Federal Rules of Civil Procedure is premised on the fact that service can be made and will be made within 120 days after filing a complaint. Lack of diligence or half-hearted efforts by counsel to effect service of process do not excuse a delay.

---

[12] Plaintiffs also could have sent the waiver of service by first class mail as provided in Rule 4(d)(2)(B) of the Federal Rules of Civil Procedure.

[13] Henderson was subsequently served personally at his place of employment.

30

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that plaintiff's Motion to Reconsider is DENIED because the motion is untimely and this Court cannot extend the 10 day time limit for serving a motion to reconsider.