## KONCEWICZ v. EAST LIVERPOOL CITY HOSPITAL.

### No. 524.

District Court, W. D. Pennsylvania.

Jan. 19, 1940.

James B. Ceris, of Ambridge, Pa., for plaintiff.

Arthur Henderson, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

■ Plaintiff is a citizen of Pennsylvania residing within this District. Defendant is a corporation incorporated under the laws of Ohio, with its principal place of business in the City of East Liverpool in that State. Its principal business is the operation of a public hospital. The complaint was filed September 5, 1939; a summons was issued on the same date. It was served upon the defendant by a deputy United States marshal in the State of Ohio September 7, 1939. October 2, 1939 defendant appeared only for the purpose of filing a motion, wherein it moved this Court to quash and set aside the summons issued and the service thereof because the service was made upon defendant in the City of East Liverpool. No further action has been taken in the case, except the argument of the aforesaid motion. The plaintiff being a citizen of Pennsylvania and residing within this District had a right under Section 51 of the Judicial Code, 28 U.S. C.A. § 112, to bring this action in this Court, but this Court is without power in a case such as this depending upon diversity of citizenship for jurisdiction to serve its process beyond the limits of the State of Pennsylvania. Rules of Civil Procedure, rule 4(f), 28 U.S.C.A. following section 723c; Boykin v. Hope Production Co., D.C., 58 F.2d 1041; Junk v. R. J. Reynolds Tobacco Co., D.C., 24 F.Supp. 716; Herriage v. Texas & P. R. Co., D.C., 11 F.2d 671; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119.

■ Plaintiff's counsel at the hearing recognized this rule of law but contends that defendant was too late in the making of said motion because made beyond the date at which defendant was required to appear and make its defense. Defendant had twenty days after the service of the summons and complaint to appear and defend, exclusive of the day of service. As the service was made September 7, 1939, it had until September 28, 1939 to appear and defend. The motion aforesaid was made on October 2nd, or four days after the time to appear and defend. Rule 12(b) provides for the making of the motion in this case and provides that it "shall be made before pleading". Rule 12(a) requires that the defendant shall serve his answer within twenty days after the service of the summons and complaint. Rule 55 provides for the entry of a judgment by default. As stated, defendant did not file any pleading. No judgment by default was entered.

I am of the opinion that while defendant was technically in default for a short time in the filing of its motion that this in itself would not preclude defendant from raising the question that this Court did not have jurisdiction over the person of the defendant because it was not served with process within the State of Pennsylvania.

Let an order be prepared and submitted in accordance with the foregoing opinion.