**PHILLIP EVANS, RENE JAVOIS and RIO POLEON, Plaintiffs,**
**vs.**
**GENERAL GASES OF THE V.I., INC. and CHEMTEX CARIBBEAN, INC., Defendants.**

CIVIL NO. 467/1995

Territorial Court of the Virgin Islands

Division of Saint Croix

November 30, 1998

ROHN AND CUSICK, Christiansted, St. Croix, U.S. Virgin Islands, *for Plaintiffs*

R. ERIC MOORE, ESQ., Christiansted, St. Croix, U.S. Virgin Islands, *for Defendant General Gases of the V.I., Inc.*

3

WILFREDO A. GEIGEL, ESQ., Gallows Bay, St. Croix, U.S. Virgin Islands, *for Defendant Chemtex Caribbean, Inc.*

CABRET, *Judge*

## MEMORANDUM OPINION

This matter is before the Court on defendant Chemtex Caribbean, Inc.'s ("Chemtex") motion to dismiss for lack of personal jurisdiction. For reasons which follow, the motion is granted.

The plaintiffs in this action, Phillip Evans, Rene Jovois and Rio Poleon, were employed by Hess Oil Virgin Islands Corporation ("HOVIC"). According to the plaintiffs, on December 14, 1994, they were injured by their exposure to chlorine gas that leaked from an allegedly defective gas cylinder at HOVIC's refinery. On July 13, 1995, the plaintiffs sued the company that supplied the gas cylinder to HOVIC, General Gases of the V.I., Inc. ("General Gases").

Through discovery, plaintiffs learned that General Gases retained another entity to inspect and maintain the gas cylinder. In interrogatory responses served April 16, 1996, General Gases identified Chemtex as the "entity responsible for inspecting and maintaining the gas cylinder on defendant's premises prior to delivery to customers for the past three (3) years up to and including the date of plaintiffs' complaint."[1] After filing a motion to compel more complete responses to the interrogatories, General Gases identified the manufacturer of the cylinder, and stated that "[p]rior to such cylinder's delivery to [HOVIC], it was refilled by [Chemtex] on August 24, 1993 and received by General Gases on August 27, 1993. . . ."[2] In another response, General Gases stated that Chemtex also "examined, cleaned, and tested" the cylinder in January 1995.[3] Finally, General Gases produced an August 1996 letter concerning the instant litigation in which the Chemtex summarized the history of its work on the cylinder. The letter corroborates the information in General Gases' interrogatory re-

---

[1] Deft. General Gases', Am. Resp. to Pls.' First Interrogs., number 4.

[2] Deft. General Gases', Am. Resp. to Pls.' First Interrogs., number 7.

[3] Deft. General Gases', Am. Resp. to Pls.' First Interrogs., number 5.

4

sponses and shows that Chemtex also filled the cylinder for General Gases in May 1995 and again in February 1996. It appears from the letter that General Gases delivered the cylinder to Chemtex each time it was serviced and picked up the cylinder when the services were completed.

Based on the information obtained from General Gases' discovery responses, on May 23, 1997, the plaintiffs moved the Court to amend their complaint to add Chemtex as a defendant. On June 17, 1997, the Court granted the motion and in its order deemed the amended complaint filed as of that date. In their amended complaint, plaintiffs alleged that "the cylinders were refilled by [Chemtex] on August 24, 1993[,] . . . [that Chemtex] warranted that the cylinders they refurbished and refilled had been inspected and were suitable for their intended purpose[,] . . . [that the] defendants breached their warranty of fitness for use . . . [and that] [t]he defendants sold or distributed a defective product."[4]

Chemtex was served with the complaint on January 7, 1998. On January 26, 1998, Chemtex moved for a 45-day extension to file its answer. The Court granted the motion on March 4, 1998, and gave Chemtex 45 days from the date of the order to file an answer. Chemtex did not file an answer, but on May 11, 1998, the defendant moved the Court to dismiss the complaint against it. In the motion, Chemtex raises three grounds for dismissal: (1) lack of personal jurisdiction, (2) plaintiffs' failure to comply with Fed. R. Civ. P. 4 (m), and (3) expiration of the applicable statute of limitations.

### 1. Lack of Personal Jurisdiction

Before discussing the merits of Chemtex's motion, the Court will address plaintiffs' contention that Chemtex waived the defense of lack of personal jurisdiction. Plaintiffs assert that Chemtex waived this defense because it did not file an answer and failed to file its motion to dismiss within the 45-day extension provided by the Court's order. Plaintiffs' assertion is predicated on Federal Rule of Civil Procedure 12. The rule generally provides that if the defense of lack of personal jurisdiction is not raised by motion or in a responsive pleading then it is waived. Fed. R. Civ. P. 12 (b) and (h)

---

[4]Pls.' First Am. Compl. At ¶¶ 9, 10, 11 and 13.

(1). Furthermore, Rule 12 (b) requires that a motion asserting this defense "shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12 (b). Plaintiffs argue that because Chemtex was in default, its motion was untimely and it therefore waived the defense.

Plaintiffs are not alone in their interpretation of Rule 12.

> As a general rule federal courts will consider a Rule 12 (b) motion by a party in default as untimely and therefore as having been waived. . . . The reasoning of these courts seems to be that because Rule 12 (a) requires the responsive pleading to be served within 20 days after the service of the summons and the complaint, that period also delimits the time for interposing those defenses that must be asserted either by motion or in the responsive pleading.

5A Wright and Miller, Federal Practice and Procedure § 1391 at 753-54 (1990) (footnote omitted). The problem with such a construction, however, is that the plain language of Rule 12 does not require that the motion be filed within the time limit for filing an answer, "it merely dictates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served." *Id.* at 754. Moreover, "[a]n objection to personal jurisdiction may raise constitutional issues and the non-appearance of the defendant should not constitute a waiver of that defense. Indeed, if there has been a failure of due process, that objection may permit relief from any judgment entered or may be raised on collateral attack." *Id.* at 756 (footnotes omitted). *See Reynolds v. Int'l. Amateur Athletic Fed'n.*, 23 F.3d 1110, 1120 (6th Cir. 1994); *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986); *Koncewicz v. E. Liverpool City Hosp.*, 31 F.Supp. 122 (W.D. Penn. 1940).

■ In this case, considering the fact that Chemtex's defense of lack of personal jurisdiction raises constitutional concerns, the Court will consider the motion on its merits. *See id.*

■ Upon careful consideration of the merits, the Court concludes that Chemtex's motion to dismiss should be granted. "The

resolution of a motion to dismiss for lack of personal jurisdiction is dependent on factual issues outside the pleadings. The plaintiff, as the party asserting personal jurisdiction, has the burden of establishing it. 2A James W. Moore et al., Moore's Federal Practice P 2-2 (2d ed. 1993). This burden of proof cannot be met by the allegations of the pleadings alone; rather, the plaintiff is required to establish facts supporting the court's jurisdiction through affidavits and the introduction of other competent evidence. *See Time Share Vacation v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984). The plaintiff need only make a prima facie showing that jurisdiction exists to survive the motion to dismiss. At this stage, all allegations of jurisdictional facts are considered in a light most favorable to an assertion of in personam jurisdiction. However, this presumption may be overcome at trial or upon a hearing on the motion." *Hartman v. Texaco, Inc.*, 29 V.I. 41, 72-73 (D.V.I. 1993).

In this case, the plaintiffs assert that the Court has personal jurisdiction over Chemtex pursuant to the Virgin Islands' long-arm statute. Specifically, the plaintiffs contend that V.I. Code Ann. tit. 5, § 4903 (a) (4) (1997), authorizes the Court to exercise personal jurisdiction over Chemtex. That Code section provides that:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . causing tortious injury in this territory by an act or omission outside this territory if he [1] regularly does or solicits business, or [2] engages in any other persistent course of conduct, or [3] derives substantial revenue from goods used or consumed or services rendered, in this territory[.]

*Id.*

> Although each category in section 4903(a)(4) will independently support jurisdiction, all three may also be considered in combination. Thus, a defendant's activities, including a course of conduct, soliciting business, and deriving revenue from goods being used in the territory, may be sufficient cumulatively to establish a jurisdictional presence, even though no single element would suffice.

*Hendrickson v. Reg O Co.*, 657 F.2d 9, 12 (3rd Cir. 1981).

7

In addition to establishing that Chemtex's connections with the territory comply with the statutory grounds for conferring personal jurisdiction, plaintiffs must also show that the assertion of jurisdiction satisfies the requirements of constitutional due process. *Id.* at 13-14. The constitutional test is generally whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* at 15 (quoting *WorldWide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 550, 62 L.Ed.2d 490 (1980); punctuation omitted). "[T]o be subject to in personam jurisdiction, a defendant 'not present within the territory of the forum, must have certain minimum contacts with it so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Id.* at 14 (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "[I]f a defendant purposefully avails itself of the privilege of conducting activities within the forum state, it has clear notice that it is subject to suit there." *Id.* at 15 (quoting *Hanson v. Denckla*, 357 U.S. 135, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 858 (1958); punctuation omitted). "This inquiry is discrete from that of the statutorily imposed prerequisites, although often the same facts must be reviewed." *Id.* at 13 (footnote omitted).

### a. Statutory Prerequisites for Long-Arm Jurisdiction.

Upon considering the three statutory elements both independently and cumulatively, the Court concludes that the plaintiffs have not met their burden of establishing that a sufficient nexus exists for the Court to exercise personal jurisdiction over Chemtex. The plaintiffs have presented no evidence showing Chemtex "regularly does or solicits business" in the territory. *See* V.I. Code Ann. tit. 5, § 4903 (a) (4) (1997). Rather, the only evidence concerning such activity shows that Chemtex never did or solicited business in the U.S. Virgin Islands. Chemtex's president, Howard Ferrer Mejia, stated in an affidavit that Chemtex is a corporation organized under the laws of Puerto Rico and has never actively conducted any trade or business in the U.S. Virgin Islands, maintained any offices, salespersons, agents or representatives in the U.S. Virgin Islands or authorized anyone to travel to the U.S. Virgin Islands to promote its business or advertise its products in

8

the territory. Although evidence show that Chemtex serviced the chlorine cylinder for General Gases, a Virgin Islands company, that same evidence shows that General Gases delivered the cylinder to Chemtex in Puerto Rico, that Chemtex performed the work in Puerto Rico and that General Gases picked up the Cylinder from Chemtex in Puerto Rico. Under these circumstances, the Court finds that Chemtex has not regularly done or solicited business in the U.S. Virgin Islands. *Cf. Hendrickson*, 657 F.2d at 13 (defendant maintained contact with customers in the Virgin Islands through direct sales and solicited business by sending catalogues, price lists, and bulletins, and supplied technical advice regarding the product by telephone).

Neither did the plaintiffs establish that Chemtex "engages in any other persistent course of conduct" in the U.S. Virgin Islands. *See* V.I. Code Ann. tit. 5, § 4903 (a) (4) (1997). Again, there is no evidence that Chemtex engaged in any conduct within the U.S. Virgin Islands. Not only have plaintiffs failed to show that any Chemtex representatives ever visited the Virgin Islands, made telephone calls or mailed correspondence here for business purposes, but there is no evidence that Chemtex engaged in such conduct for any purposes. Accordingly, the Court finds that Chemtex did not engage in any persistent course of conduct in the U.S. Virgin Islands. *See* V.I. Code Ann. tit. 5, § 4903 (a) (4) (1997).

■ Finally, although there is no direct evidence that Chemtex derived revenue from its services to General Gases, the Court finds that, viewed in a light most favorable to an assertion of in personam jurisdiction, the evidence permits an inference that this occurred. *See Hartman*, 29 V.I. at 72-73. Plaintiffs were required to show, however, that Chemtex "derive[d] *substantial revenue* from goods used or consumed or services rendered, in this territory[.]" V.I. Code Ann. tit. 5, § 4903 (a) (4) (1997) (emphasis supplied). While the extent of such revenue is measured by objective factors and need not comprise a large part of Chemtex's overall income, plaintiffs have pointed to no evidence establishing the amount of compensation Chemtex has derived from the territory. *See Hendrickson*, 657 F.2d at 12-13. Under these circumstances, plaintiffs have not met their burden of establishing that Chemtex "derives substantial revenue from goods used or consumed or services

9

rendered, in this territory[.]" *See* V.I. Code Ann. tit. 5, § 4903 (a) (4) (1997); *see also Norman's on the Waterfront v. West Indies Corp.*, 10 V.I. 495, 512, 515 (D.V.I. 1974) ($2,000 annual revenue insubstantial where defendant sold goods f.o.b. distributor's place of business, and distributor's agents and employees never visited the territory). *Compare Hendrickson*, 657 F.2d at 12-13 ($1,800 annual revenue substantial where part of a regular course of dealing with Virgin Islands customers that included frequent telephone and written correspondence for purposes of sales, solicitation of sales and providing technical advice).

### b. Constitutional Prerequisites for Long-Arm Jurisdiction.

Even if plaintiffs had established that Chemtex was subject to the Court's personal jurisdiction under V.I. Code Ann. tit. 5, § 4903 (a) (4) (1997), the Court concludes that they have not shown that the constitutional due process considerations have been satisfied. Again, the primary consideration here is whether Chemtex had sufficient minimum contacts with the Virgin Islands and has purposefully availed itself of the privilege of conducting activities within the Virgin Islands such that it has clear notice that it is subject to suit here. *See International Shoe*, 326 U.S. 310 at 316, *Hanson*, 357 U.S. 135 at 253. Only substantial and deliberate contacts, purposefully directed at the territory, will subject Chemtex, a nonresident defendant to the burdens of litigating here. *See Asahi Metal Indus. Co. v. Superior Ct. of California*, 480 U.S. 102, 115, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

██ The evidence does not show that Chemtex had such deliberate contacts with the Virgin Islands that it should clearly have been on notice that it would be subject to suit in the territory. There is no evidence that Chemtex ever initiated contact with any Virgin Islands customer, and the evidence affirmatively shows that Chemtex never marketed its goods or services here. Moreover, the evidence shows that General Gases delivered the cylinder to Chemtex in Puerto Rico, that Chemtex performed the work in Puerto Rico and that General Gases picked up the Cylinder from Chemtex in Puerto Rico. These circumstances show that Chemtex did not purposefully avail itself of the privilege of doing business within the territory, but rather conducted its business *solely* within

Puerto Rico, and that one of its customers was a Virgin Islands company which came to Puerto Rico to do business with Chemtex. Accordingly, the Court concludes that plaintiffs have not established that the Court can exercise personal jurisdiction over Chemtex without offending the defendant's constitutional due process rights. *Cf. Hendrickson*, 657 F.2d at 15 (the continuing, purposeful activity of defendant aimed at preserving and enlarging its customer base was such that it could reasonably anticipate being haled into court here).

### 2. Plaintiffs' Failure to Comply with Fed. R. Civ. P. 4 (m).

Although the Court is dismissing the action based on its lack of personal jurisdiction over Chemtex, it also appears that the Court could dismiss the action because Chemtex was not served in a timely manner as required by Federal Rule of Civil Procedure 4 (m). Rule 4 (m) provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

(Emphasis supplied).

This rule "creates a rebuttable presumption that service can be made and will be made within 120 days after filing of the complaint." *Fredericks v. Tourism Indus., Inc.*, 33 V.I. 23, 27 (Terr.Ct. 1995) (citation omitted). "Counsel must be ever diligent in attempting to effect service of process within the 120 days provided for in [Rule 4(m)]. . . . Half-hearted efforts by counsel to effect service of process prior to the deadline do not excuse a delay." *Id.* (Citation omitted).

In this case, the amended complaint was filed June 17, 1997. Chemtex was served with the complaint on January 7, 1998, well outside the 120-day limit. Despite the expiration of the 120-day

11

limit, however, the plaintiffs never moved for an enlargement of time to effect service as provided for by Rule 6 (b) of the Federal Rules of Civil Procedure. *See id.* Moreover, plaintiffs' counsel has not stated what attempts she made to serve Chemtex during the approximately seven month period after the amended complaint was filed. Under these circumstances, plaintiffs have not shown that they exercised due diligence in attempting to serve Chemtex. *See id.*

### 3. Conclusion

In conclusion, although it is clear that Chemtex had a business relationship with General Gases, a company doing business in the Virgin Islands, there is no evidence showing the nature or extent of Chemtex's contacts with General Gases, that Chemtex ever conducted any activity within the Virgin Islands, business or otherwise, or that Chemtex derived substantial revenues from its business with Virgin Islands customers. For the foregoing reasons, the Court concludes that the plaintiffs have not met their burden of establishing that the Court has long-arm jurisdiction over Chemtex pursuant to V.I. Code Ann. tit. 5, § 4903 (a) (4) (1997). Furthermore, there is no evidence showing that Chemtex had sufficient minimum contacts with the territory such that the Court could conclude that the defendant purposefully availed itself to its jurisdiction. Under these circumstances, the Court will dismiss the action for lack of personal jurisdiction over Chemtex. Finally, although the Court is dismissing the action based on its lack of jurisdiction over Chemtex, the plaintiffs' failure to serve Chemtex within 120 days combined with the failure to show that they exercised due diligence, provides an additional ground for the Court to dismiss the complaint under Fed. R. Civ. P. 4 (m).

**AND NOW,** this 30th day of November 1998, after careful review of the evidence and for the reasons set forth in this Court's accompanying Opinion of even date, it is hereby

**ORDERED, ADJUDGED and DECREED** that this action is hereby dismissed against defendant, Chemtex Caribbean, Inc. for lack of jurisdiction over the person

**DONE AND SO ORDERED** this 30th day of November, 1998.