

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2004

# Veal v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1116

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Veal v. USA" (2004). *2004 Decisions*. Paper 1102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1116
_____

ANN VEAL,

Appellant

v.


UNITED STATES OF AMERICA;
DOVER AIR FORCE BASE
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(Civil Action No. 01-cv-00407)
District Judge:  The Honorable Gregory M. Sleet
_____


Submitted Under Third Circuit LAR 34.1(a)
January 9, 2004

BEFORE: BARRY and SMITH, <u>Circuit Judges</u>, and POLLAK, <u>District Judge</u>.*

(Filed: January 9, 2004)


_____

OPINION OF THE COURT
_____


* The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

SMITH, Circuit Judge.

Appellant Ann Veal challenges the Orders of the District Court of Delaware granting the United States' Motion to Dismiss, denying her Motion to Vacate, and denying her Motion for Re-Argument. The issue raised on appeal is whether the District Court abused its discretion in dismissing Veal's case for failure to timely serve the Attorney General in her suit brought under the Federal Tort Claims Act ("FTCA").[1] The United States filed a Motion for Summary Affirmance in this appeal. Because Veal's arguments on appeal present a substantial question concerning the interpretation of Rule 4 (as discussed below), the United States' Motion for Summary Affirmance is denied.

I.

Ann Veal filed an administrative claim against the United States Air Force on July 20, 2000, pursuant to the FTCA based on injuries she sustained during a May 27, 2000 visit to the Dover Air Force Base Post Exchange. After that claim was denied by the Air Force, Veal filed a *pro se* complaint and petition to proceed *in forma pauperis* with the United States District Court for the District of Delaware.[2] The District Court granted that petition and the Complaint was filed on June 15, 2001.

---

[1]The District Court had jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

[2]Although Veal did initially obtain counsel, that counsel resigned prior to the expiration of the six month limitations period provided for under the FTCA. Veal is now represented by counsel in this appeal.

On October 23, 2001, the District Court ordered Veal to show good cause why she had not yet effected service on the defendants. After she explained the reasons for her delay, the District Court extended the time for Veal to effect proper service until November 22, 2001. Veal then contacted the Clerk of the District Court, who provided her "with instructions and forms to be prepared in order to effectuate service." Veal Br. at 6. On January 7, 2002, Veal served the Dover Air Force Base and the United States Attorney. The United States filed a motion to dismiss based on Veal's failure to serve the Attorney General as required under Federal Rule of Civil Procedure 4(i)(1)(B).[3]

The District Court granted the Motion to Dismiss in an Order dated June 26, 2002. In that Order, the District Court noted that Veal had "not, to date, shown good cause as to why the time limit for service should be further enlarged." In granting the Motion to Dismiss, the District Court stated:

> In consideration of the plaintiff's *pro se* status, and the harsh effect that would result from a simple dismissal without prejudice, the court will grant the United States' motion to dismiss, but will allow Veal fifteen days to file a motion to vacate. Veal should focus her motion on demonstrating good cause for her failure to effect proper service of process as required by Rule 4(i)(1) and Rule 4(m).

In her Motion to Vacate and her Reply to the United States' Opposition to that Motion, Veal explained that (1) she had relied upon the advice of the clerk in attempting

---

[3]The United States also based that Motion to Dismiss on the inclusion of Dover Air Force Base as an improper party to the suit and that the six-month statute of limitations provided under the FTCA had run before Veal filed her suit. Neither of these bases are relevant to this appeal, however.

to serve the defendants and had been assured that service on the Dover Air Force Base and the U.S. Attorney was sufficient; (2) she had, since learning of the need to do so, served the United States Attorney General; (3) her medical condition(s) had impaired her ability to proceed with the suit; and (4) her written correspondence with the Clerk's office had hindered effective communication of the proper procedures for compliance with Rule 4.

In an August 27, 2002 Order, the District Court denied Veal's Motion to Vacate, noting that the Clerk's Office "has no duty to provide *pro se* plaintiffs with step by step guidance in every case," and that her "failure to read or understand Rule 4 does not constitute good cause for her failure to effect proper service in compliance with Rule 4(i)." The District Court Judge also concluded that Veal's medical condition was "neither so sudden nor so debilitating as to constitute good cause." Finally, Veal filed a Motion for Re-Argument on September 5, 2002, which was denied in an Order dated November 6, 2002, for essentially the same reasons.

## II.

We review the District Court's denial of an extension of time under Rule 4(m) for abuse of discretion. *MCI Telecom. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086 (3d Cir. 1995).

The Third Circuit has construed Rule 4(m) as requiring a court to extend time for service where the plaintiff demonstrates good cause. *McCurdy v. Amer. Bd. of Plastic*

4

*Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). Such a showing requires a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified by the rule. *MCI*, 71 F.3d at 1097. Without the showing of good cause, the decision whether to grant the request for more time in which to serve, or to dismiss the complaint, "falls squarely within the Court's sound discretion." *Id.*

> When entertaining a motion to extend time for service,
>
> [f]irst, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

*Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). The *Petrucelli* decision clarified that, "the district court *must* consider whether any other factors warrant extending time even though good cause was not shown." *Id.* at 1307.

### III.

A review of the District Court's Orders reveals that there is adequate legal and factual support for the District Court's good cause determinations. Reliance upon the Clerk's advice did not constitute good cause. *See Petrucelli*, 46 F.3d at 1307. We agree with the District Court's conclusion that Veal's medical conditions were not "so sudden nor so debilitating as to constitute good cause." *Cf. Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994); *Moorehead v. Miller*, 102 F.R.D. 834, 836 (D.V.I. 1984).

5

Veal's failure to read or understand Rule 4 does not excuse her failure to provide timely service. *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996). Under our deferential review of the District Court's determination as to whether Veal made a showing of good cause, we find no abuse of discretion.

IV.

A review of the second required step in the District Court's analysis of the Motion to Dismiss for failure to effect timely service is more problematic, however. As noted previously, *Petrucelli* and its progeny make clear that a district court *must* consider whether any other factors warrant extending time even though good cause was not shown. 46 F.3d at 1307; *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); *MCI*, 71 F.3d at 1098. The District Court's orders, granting the Motion to Dismiss, denying the Motion to Vacate and denying the Motion for Re-Argument, focus entirely on the first step of the analysis, *i.e.*, whether Veal had shown good cause. The learned District Judge apparently failed to recognize that, absent a showing of good cause, he still had the discretion to determine that the time for service could be extended.[4] The presence of several factors in this case which would frequently weigh in favor of exercising such discretion—including that Veal was a *pro se* litigant, that the statute of limitations had run on her claim, and that the service required was of a kind often found to be confusing—highlights the absence of

---

[4]The District Judge did express his recognition of the "harsh effect that would result" from dismissal without prejudice and allowed the plaintiff additional time to show good cause. Such an allowance is not, however, tantamount to explicitly performing the required second step of the *Petrucelli* analysis.

6

this significant and required step in the District Court's analysis. Finally, the District Court's instruction to Veal in the Order Granting the Motion to Dismiss to focus her motion to vacate on "demonstrating good cause for her failure to effect proper service of process" confirms that it viewed the bases for granting an extension too narrowly. Instead of undertaking the second step in the analysis, the District Court simply repeated the first. In doing so, the District Court abused its discretion. *Boley*, 123 F.3d at 760.

V.

For the foregoing reasons, the United States' Motion for Summary Affirmance is denied. We will vacate the Order granting the United States' Motion to Dismiss Pursuant to Rule 4(m) and remand for further proceedings consistent with this opinion.

TO THE CLERK:
Please file the foregoing opinion.

By the Court,

  /s/ D. Brooks Smith
Circuit Judge