

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2006

# Sykes v. Blockbuster Video

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sykes v. Blockbuster Video" (2006). *2006 Decisions.* Paper 206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1745
_____

CLIFFORD D. SYKES,

Appellant

v.

BLOCKBUSTER VIDEO; VIACOM
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-06260)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2006

Before:  FISHER, ALDISERT and WEIS, Circuit Judges.

(Filed November 15, 2006)
_____

OPINION
_____

PER CURIAM

   Clifford D. Sykes appeals the order of the United States District Court for the

District of New Jersey dismissing his Title VII complaint against Blockbuster Video and

Viacom.  The court dismissed his complaint because he failed to serve the defendants

within the 120-day period required under Federal Rule of Civil Procedure 4(m). We will affirm.

Sykes filed his complaint in the District Court on December 21, 2004, with an application to proceed in forma pauperis. The District Court granted Sykes' application, ordered the clerk to issue summonses, and directed Sykes to serve each defendant with the summons and complaint in accordance with Fed. R. Civ. P. 4. The District Court clerk issued the summonses on January 13, 2005, but apparently, Sykes never received the mailed summonses because he had moved. (He filed a notice of change of address with the Court on March 28, 2005.) In his notice of appeal, he states that he nonetheless picked up the summonses in person "from the court clerk in February 2005."

Since he filed his complaint on December 21, the 120-day period would have expired on April 20, 2005. Sykes served Blockbuster with a copy of the summons (but apparently not a copy of the complaint) on May 16, 2005, which was 26 days beyond the Rule 4(m) deadline. He served Viacom on August 25, 2005, four months after the deadline. Blockbuster and Viacom filed motions to dismiss the actions based on Sykes's failure to effect proper service.

Fed. R. Civ. P. 4(m) provides that if service of the summons and complaint is not made within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time." Id. If the plaintiff shows good cause for the failure, the court shall extend the time

for service.  Id.  Generally, we have plenary review over issues concerning the propriety of service under Rule 4.  McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998) (citing Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993)).  We review decisions of whether good cause exists to extend the 120-day period under Rule 4(m) under an abuse of discretion standard.  Ayers v. Jacobs & Crumplar, P.A., 99 F.3d 565, 570 n.4 (3d Cir. 1996).

Here, Sykes clearly failed to serve appellee Viacom within 120 days of filing his complaint, as required under Rule 4(m).  It is also clear that he failed to serve appellee Blockbuster within the 120-day period.[1]  Under Rule 4(m), unless there was some good cause for Sykes' failure to comply with the rule, the District Court was compelled to dismiss the action.  See id.

Sykes never responded to the defendants' motions to dismiss,[2] nor did he ever file a motion to enlarge the time for serving the defendants under Rule 4(m).  The District

---

[1]This is true, regardless of the time-frame used to calculate the 120-day period under Rule 4(m) here.  Sykes argues in a document construed as his Reply Brief that, for purposes of Rule 4(m), the 120 days should be calculated from January 13, 2005, the date that the District Court filed the January 4, 2005 order granting him in forma pauperis status.  Setting aside for the moment that this belated argument was not presented to the District Court in the first instance and we will not entertain it, we would point out that this argument would only minimize the number of days that he tardily served the complaint; it would not cure his failure altogether to serve the complaint in accordance with the 120-day period under Rule 4(m).

[2]Sykes submitted a letter to the District Court approximately five weeks after Blockbuster filed its motion to dismiss, but that letter did not respond to the motion to dismiss, and instead provided additional information regarding the substance of his Title VII allegations.

3

Court appropriately granted the unopposed motions to dismiss, after determining that there was not good cause for the failure to comply with Rule 4 under the facts that were before the court.

It is only on appeal that Sykes has attempted to explain why he did not comply with the federal rules for service, but once again, his explanations have come too late because he never gave the District Court the opportunity to consider them. See Harris v. Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994) (explaining that this court will not consider issues raised for the first time on appeal).[3] They are meritless, in any event. In his notice of appeal, Sykes claims that he did not receive a copy of the January 4, 2005 order directing him to serve the papers in accordance with Rule 4. However, a litigant's compliance with the Federal Rules of Civil Procedure is expected whenever he or she files a lawsuit in federal court. That Sykes did or did not receive the District Court's January 2005 order which directed him to comply with Rule 4 is irrelevant; he was still expected to comply with the rules of procedure, as are all litigants, whether they are represented by counsel or not. The District Court correctly found that Sykes's ignorance of the rules would not provide good cause to excuse his failure to serve the defendants within the time allotted under the rules. See Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1998) (pro se plaintiff's ignorance of service rules does not constitute good cause);

---

[3]Sykes does not make any arguments with respect to the timeliness of service on Viacom in his brief on appeal.

cf. <u>Lovelace v. Acme Markets, Inc.</u>, 820 F.2d 81, 84 (3d Cir. 1987) (inadvertence of counsel does not constitute good cause for failure to timely serve defendants under former Rule 4(j)).

In his appellate brief, Sykes also claims that the summonses were reissued on March 18, 2005, presumably arguing that the 120-day period should have been measured from that date. (This is apparently an alternative argument to his claim that he picked up the summonses by hand in February 2005.) His contention that the 120-day deadline should have commenced when the summonses were reissued in March, apparently at his request, fails once again because the rule specifies that the 120-day period begin when the plaintiff files the complaint-not when summonses are issued.

Finally, Sykes maintains that his non-compliance with the rules was not deliberate, but merely a product of his not having a permanent address during the pertinent time. We recognize that Sykes apparently had difficulty receiving mail because he did not have a permanent address during the relevant period of 2005, but this situation has no bearing on the issue here. By his own admission, Sykes picked up the summonses by hand in February 2005, which was well before the April 20 deadline. <u>See</u> Sykes's Notice of Appeal. We would also note that Sykes could have avoided the problem by notifying the District Court with his new addresses in a timely fashion.

We will affirm the District Court's February 3, 2006 order dismissing Sykes's action without prejudice.[4]

---

[4]In July, after the case had been briefed, Sykes filed a document termed as a "Motion to Reject Motion of Appellees to Dismiss," which was construed as his Reply Brief. No action will be taken on Appellees' "Opposition" filed in response to that Reply Brief. The Federal Rules of Appellate Procedure do not provide for the filing of an "opposition" to a reply brief.