**SHEARA BRYANT, Plaintiff**

**v.**

**CARIBBEAN SUN AIRLINES, Defendant**

Case No. ST-06-CV-398

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

October 12, 2007

■■■
■■■

SHEARA BRYANT, St. Thomas, Virgin Islands, *Pro se.*

A. JENNINGS STONE, ESQUIRE, Tom Bolt & Associates, P.C., St. Thomas, VI, *Counsel for Defendant.*

CARROLL, *Judge*

## MEMORANDUM AND ORDER

(October 12, 2007)

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Insufficient Service pursuant to Federal Rule of Civil Procedure 12(b)(5) and Plaintiff's opposition thereto, which the Court also construes as a motion for enlargement of time in which to serve Defendant. For the reasons that follow, Defendant's Motion to Dismiss will be denied and Plaintiff's request for an enlargement of time will be granted.

Plaintiff filed the instant action on August 2, 2006. Service upon Defendant's registered agent was not perfected until August 7, 2007. Defendant moves to dismiss the action without prejudice for Plaintiff's failure to effect service within 120 days of the filing of the Complaint, as required by Federal Rule of Civil Procedure 4(m).

■ The Superior Court applies its own rules, and, to the extent that they are not inconsistent, the Federal Rules of Civil Procedure. SUPER. CT. R. 7. Superior Court Rule 27(b) provides, in pertinent part, that "[t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure . . ." SUPER. CT. R. 27(b). Therefore, the Court shall apply Federal Rule of Civil Procedure 4(m), which requires that a summons and complaint be served on a defendant within 120 days after the filing of a complaint. Since the Complaint was filed more than one year before service was perfected upon Defendant, service occurred outside of the maximum time period. The Court must determine whether it should grant Plaintiff a retroactive

enlargement of the 120-day period in which to serve Defendant, or whether Defendant is entitled to dismissal of the claims against it.

Rule 4(m) provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Plaintiff bears the burden of demonstrating good cause why she could not effect service on the defendant during the 120-day time period. Pursuant to Rule 4(m), a plaintiff who demonstrates good cause for her failure to serve is entitled to an enlargement of time to serve the defendant. Even absent a showing of good cause, the Rule grants the Court discretion to enlarge the time in which Plaintiff may serve the Defendant. *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995); *Petrucelli v. Bohringer & Ratziner*, 46 F.3d 1298, 1305 (3d Cir. 1995). Before invoking its discretion not to dismiss the action, the Court must first determine whether the plaintiff has demonstrated good cause. *Petrucelli*, 46 F.3d at 1306.

Courts have considered three primary factors in determining the existence of good cause: (1) the reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, if any, and (3) whether plaintiff moved for an enlargement of time to serve prior to the expiration of the period prescribed by the rule. *Charles v. Woodley*, 47 V.I. 202, 210 (Sup. Ct. 2005) (citing *MCI Telecomms. Corp.*, 71 F.3d at 1097); *see also Williams v. Caneel Bay, Inc.*, Civ. No. 2000-245, [WL] *1 (D.V.I. Sept. 18, 2001). The Third Circuit has indicated that the primary inquiry shall focus on the reasonableness of a plaintiff's efforts. *MCI Telecomms. Corp.*, 71 F.3d at 1097.

In opposition to Defendant's Motion to Dismiss, Plaintiff contends that her pregnancy, health problems, lack of access to a telephone or a vehicle and other personal issues prevented her from perfecting service upon Defendant. Plaintiff states that she contacted process server Renix Charles

during the 120-day time period to see about serving Defendant, but that for some reason service was not completed. In December 2006, Plaintiff went to the Clerk of Court and asked for an extension of the 120-day window; the Clerk apparently issued Plaintiff a new summons and told her to make service on Defendant as soon as possible. Plaintiff also states that during the 120-day time period, she consulted with an attorney about this matter, but the attorney later declined to represent her.

■ Although the 120-day limit for service is construed leniently with regard to *pro se* parties, *see Habib v. General Motors Corp.*, 15 F.3d 72, 75 (6th Cir. 1994), *pro se* litigants are still expected to comply with the rules of civil procedure, and a *pro se* plaintiff's ignorance of the rules does not provide good cause to excuse her failure to serve the defendant within the time allotted under the rules. *Sykes v. Blockbuster Video*, 205 Fed. Appx. 961, 963 (3d Cir. 2006) (unpublished) (*pro se* plaintiff failed to show good cause for failure to timely serve). Moreover, to the extent that Plaintiff relies on her discussions with process server Renix Charles and/or with the Clerk of Court to constitute reasonable efforts to effect service, a party's misplaced reliance on representations by a process server, or even a court clerk, does not constitute good cause. *Petrucelli*, 46 F.3d at 1307; *Veal v. United States*, 84 Fed. Appx. 253, 256 (3d Cir. 2004) (unpublished).

Plaintiff did not formally move for an enlargement of time to serve prior to the expiration of the 120 day-period. Even under the admittedly difficult circumstances that Plaintiff faced during the 120-day period, the Court cannot say that Plaintiff's efforts to effect service during this time were reasonably diligent. Plaintiff has not demonstrated that her physical maladies were "so sudden [ ]or so debilitating as to constitute good cause." *Veal*, 84 Fed. Appx. at 256 (citing *Habib*, 15 F.3d at 74; *Moorehead v. Miller*, 102 F.R.D. 834, 836, 21 V.I. 79 (D.V.I. 1984)).

■ Because the Court does not find "good cause" for Plaintiff's failure to effect timely service, the Court is not required to grant an enlargement of time to Plaintiff pursuant to Rule 4(m). *See McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).

Nevertheless, although the Court finds that Plaintiff has not, demonstrated good cause, the Court retains discretion to grant the Plaintiff an enlargement of time to serve the Defendant pursuant to Rule 4(m). Rule 4(m) provides that if service is not effected within 120 days, the Court shall either dismiss the case or direct that service be effected within

a specified time. FED. R. CIV. P. 4(m). Here, service was made on the defendant outside the 120-day time period. Even in the absence of good cause, the Court finds that the interests of justice dictate a retroactive enlargement of time in this case. Defendant has not indicated that it was prejudiced by the lack of timely service. In addition, the claims asserted by Plaintiff are subject to a two-year statute of limitations under Virgin Islands law. *See* V.I. CODE ANN. tit. 5, § 31(5)(A) (1997). The incident that is the basis of this dispute allegedly occurred on or about August 9, 2005.

■ Because the statute of limitations has expired on Plaintiff's claim, a dismissal of the action by this Court would extinguish Plaintiff's claim altogether. As explained in then-Judge Cabret's well-reasoned opinion in *Charles*, this is exactly the type of situation that the drafters of the 1993 amendment to Federal Rule of Civil Procedure 4(m) contemplated for a discretionary enlargement, as the advisory committee's note to that subsection provides "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action." *Charles*, 47 V.I. at 214. *See also Veal*, 84 Fed. Appx. at 256 (trial court abused its discretion in failing to consider factors weighing against dismissal, including plaintiff's status as *pro se* litigant and fact that statute of limitations had run on her claim); *Boley v. Kaymark*, 123 F.3d 756, 758-59 (3d Cir. 1997) (trial court's denial of motion for additional time to serve process held an abuse of discretion; limitations period had expired on plaintiff's claim, thus preventing ability to re-file). Moreover, the law favors disposition of a case on its merits rather than on a procedural technicality. *See, e.g., Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513 (D.V.I. 2001) (affirming magistrate judge's grant of extension of time to serve defendant) (citing *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983)). To this end, the Court shall grant the Plaintiff an enlargement of time such that service on Defendant, which occurred on August 7, 2007, is rendered effective.

Defendant cites an unpublished case, *Rodriguez v. Philip Morris, U.S.A.*, 1996 U.S. Dist. LEXIS 2858, (E.D. La. Mar. 4, 1996), for the proposition that where defective service is made on the defendant after expiration of the 120-day time period, as here, the only option for the court is dismissal. This argument is unpersuasive. The *Rodriguez* court was left with no option but to dismiss the action because the plaintiff failed to oppose the defendant's motion to dismiss in writing and offered

no explanation for his failure to effect timely service. By contrast, in the case at bar, Plaintiff has come forward and at least offered an explanation for her delay. Moreover, *Rodriguez* did not reach the issue of the Court's discretion to enlarge the time for service even in the absence of a good cause showing, as set forth in the amended version of Rule 4(m). Therefore, the Court declines to fellow the holding of *Rodriguez*.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss for Insufficient Service is **DENIED**; and it is further

**ORDERED** that, for good cause shown, the time for Plaintiff to effect service on Defendant is enlarged and extended *nunc pro tunc* to August 7, 2007; and it is further

**ORDERED** that a copy of this Order shall be directed to Sheara Bryant and to A. Jennings Stone, Esq., counsel for Defendant.