**VICTOR HEYLIGER, JESIMIEL GARCIA, individually, and on behalf of her minor children, ANABELLE GARCIA, and ANIBEL GARCIA, Plaintiffs**

**v.**

**CARIBBEAN CINEMAS, and/or CINEMA MANAGEMENT OF PUERTO RICO, INC., Defendants**

Civil No. SX-15-CV-357

Superior Court of the Virgin Islands

Division of St. Croix

April 19, 2016

MOLLOY, *Judge*

## MEMORANDUM OPINION

(April 19, 2016)

**BEFORE THE COURT** is Defendant Cinema Management of Puerto Rico, Inc.'s (hereinafter "CMPR") Motion to Dismiss filed on October 30,

2015. CMPR argues that it was not properly served with process in this matter. Plaintiffs have not filed a response to CMPR dismissal motion. For the reasons stated below, the Court will grant the motion and will dismiss the complaint as to CMPR.

## I. PROCEDURAL BACKGROUND

Plaintiffs' complaint alleges that on March 30, 2014, Defendants were negligent in serving Plaintiffs with food and drinks at a movie theater in St. Croix which contained roaches and other insects. The complaint alleges that the Plaintiffs suffered serious injuries as a result of consuming the contaminated food.

Plaintiffs subsequently commenced this lawsuit on September 10, 2015. The complaint names the defendants, Caribbean Cinemas and CMPR, both in the conjunctive and in the disjunctive. *See* Compl. ¶ 4 ("Defendant, Caribbean Cinemas and/or Cinemas Management of Puerto Rico, Inc., is a business entity, and/or corporation, with the power/capacity to sue and to be sued, and was doing business in the USVI on March 30, 2014"). On October 30, 2015, CMPR filed the instant motion requesting that the Court dismiss it from this case because it was not properly served with process.[1]

## II. DISCUSSION

■ The procedure for issuing service of process in proceedings pending in the Superior Court is governed by Rule 27(b) of the Rules of the Superior Court and Rule 4 of the Federal Rules of Civil Procedure. Superior Court Rule 27(b) provides that "[t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure . . ." SUPER. CT. R. 27(b). Federal Rules

---

[1] CMPR also asserts in its motion that it could not have been negligent in this matter because it is not the owner or operator of the movie theater where the incident occurred. Mot. to Dismiss at 1-2. In support of this assertion, CMPR attached the affidavit of George Borges, Director of Operations of the Eastern Caribbean for Cinema Management of Puerto Rico, Inc. In his affidavit, Borges states that CMPR does not own, operate, or lease a movie theater in St. Croix, nor does CMPR do business in St. Croix. Borges Aff. ¶¶ 3-5 (Oct. 29, 2015). Because CMPR's motion expressly states that it is filing the motion to dismiss "without submitting itself to the jurisdiction of this Court" and this Court concludes that it lacks personal jurisdiction over CMPR, the Court finds it inappropriate and unnecessary to address the factual contentions raised by CMPR's.

of Civil Procedure 4(c) explicitly provides that "[a] summons must be served with a copy of the complaint." FED. R. CIV. P. 4(c)(1). Rule 4(c)(1) further states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes services." At the time the complaint was filed, Rule 4(m) provided:

> (m) TIME LIMIT FOR SERVICE. If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Thus, according to the plain language of Rule 4(m), if a plaintiff has not served a defendant within 120 days after the complaint is filed, the Court has the discretion to either dismiss the case without prejudice against that defendant or order that the plaintiff effectuate service within a specified time. However, if the plaintiff demonstrates good cause for its failure to serve, the Court has no discretion and must extend the time for Plaintiff to serve the defendant for an appropriate period. *See Bryant v. Caribbean Sun Airlines*, 49 V.I. 93, 95 (V.I. Super. Ct. 2007) ("a plaintiff who demonstrates good cause for her failure to serve is entitled to an enlargement of time to serve the defendant").

 It is axiomatic that "absent proper service, a case must be dismissed for lack of personal jurisdiction over the defendant." *Ross v. Hodge*, 58 V.I. 292, 310 (V.I. 2013) (citations omitted); *see also Joseph v. Daily News Pub. Co., Inc.*, 57 V.I. 566 n.4 (V.I. 2012) ("Service of process — *unless waived by a general appearance* — is a prerequisite to the Superior Court obtaining personal jurisdiction over a defendant.") (emphasis in original). Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction. *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001).

 Plaintiffs filed the complaint on September 10, 2015. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs were required to serve a copy of the complaint and summons on CMPR within 120 days of the filing of the complaint, or no later than January 9, 2016.

CMPR concedes that it was served with a copy of the complaint. However, there is no evidence that Plaintiff served CMPR with a summons. Plaintiffs did not file a proof of service nor did they file a response to CMPR's assertion that it did not receive a copy of the summons. Thus, the Court finds that Plaintiffs did not effectuate proper service of process and the Court lacks personal jurisdiction over CMPR.

 Despite the lack of proper service of process, CMPR is not automatically entitled to a dismissal of the complaint. "[B]efore a court may dismiss a complaint against a party for lack of service, it must consider whether good cause exists to extend the 120 day time limit for service." *Ross*, 58 V.I. at 310. (citing FED. R. CIV. P. 4(m)). Good cause exists when a plaintiff, seeking an enlargement, demonstrates good faith and some reasonable basis for noncompliance within the time specified in the rules governing service. *Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 713 (V.I. 2010). Ordinarily, the Court considers three factors in determining whether good cause is shown: (1) reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve prior to the expiration of the period prescribed by the rule. *Bryant*, 49 V.I. at 95. Here, Plaintiffs have not requested an extension of time to perfect service on CMPR. As mentioned above, Plaintiffs have not submitted any response whatsoever. Accordingly, the Court finds that Plaintiffs have not established good cause to extend the time for service. *See Beachside Assocs.*, 53 V.I. at 713 ("because Beachside failed to provide the trial court with some reasonable basis for its failure to serve Fishman within the time specified by FRCP 4(m), we hold that the trial court did not abuse its discretion in finding . . . that Beachside had not established good cause for an extension under FRCP 4(m).").

 Notwithstanding the Court's finding that good cause does not exist to extend the time for service, the Court must still "consider whether any additional factors warrant granting a permissive or discretionary extension of time." *Id.* at 716. In *Beachside*, the Supreme Court explained that "a discretionary extension of time for service of process 'may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.' " *Id.* at 718. The decision as to whether or not to grant or deny permissive extensions is at the Court's discretion. *Id.* at 717 ("the trial court has discretion as to whether it will ultimately grant or deny a

147

permissive extension under FRCP 4(m) but the court lacks discretion to refuse to at least consider the appropriateness of such an extension."). The complaint alleges that the events giving rise to Plaintiffs' negligence action took place on March 30, 2014. Compl. ¶ 5. The statute of limitations for claim for negligence is two years. *See* 5 V.I.C. § 31(5)(A). Thus, it would appear that Plaintiffs' cause of action expired on March 29, 2016, and the running of the statute of limitations would bar Plaintiffs from re-filing this case. The running of the statute of limitations alone, however, is not a basis to permit Plaintiffs a discretionary extension to effect service. *Beachside Assocs.*, 53 V.I. at 718 ("the trial court may still deny a discretionary extension of time even if the statute of limitations would bar a plaintiff from re-filing its claims."). While the running of the statute of limitations would weigh in favor of granting a permissive extension to effectuate service of process, Plaintiffs in this case have made no such request. Additionally, there is no indication that CMPR is evading service or is concealing a defect in attempted service. In fact, CMPR filed its dismissal motion approximately fifty (50) days after the complaint was filed. CMPR could have waited until after the 120-day deadline expired before notifying the Court and Plaintiffs of the deficiencies in service. CMPR has filed subsequent motions requesting dismissal and is actively seeking to litigate this case.[2] Contrarily, it does not appear that Plaintiffs are interested in prosecuting its claims. Plaintiffs have not responded to CMPR's dismissal motion nor has it filed anything in this case since the filing of the complaint, which was filed approximately seven months ago. Accordingly, the Court will exercise its discretion and will not permit Plaintiffs a permissive extension to effectuate proper service of process.

## III. CONCLUSION

The Court concludes that Plaintiffs failed to properly serve CMPR with service of process. The Court also concludes that good cause does not exist to permit a discretionary extension. Accordingly, the Court will grant CMPR's motion to dismiss. An appropriate Order follows.

---

[2] In addition to the motion to dismiss filed on October 30, 2015, CMPR also filed a Petition to Have Motion Deem Admitted on December 9, 2015, and a Motion requesting Judgment on March 29, 2016. Plaintiffs have not responded to any of these motions.